UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JALIL ALI, on behalf of <br> RAY L. ALEXANDER, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH F. KISMAL d/b/a <br> CHIEF COMPLIANCE OFFICER <br> NCB MANAGEMENT, <br><br> Defendant. | No. 4:21-CV-640 JAR |

## **MEMORANDUM AND ORDER**

This removed case is before the Court on review of the file. Jalil Ali, who does not appear to be a licensed attorney, is attempting to bring this case on behalf of Ray L. Alexander. For the reasons discussed below, the Court will order Ray L. Alexander to enter an appearance on his own behalf in this case, or have a licensed attorney enter an appearance on his behalf, within thirty days.

### Background

On April 30, 2021, Jalil Ali filed a petition in small claims court in the 22nd Judicial Circuit, City of St. Louis, Missouri. The caption of the petition reads, <u>Jalil Ali on Behalf of Ray L. Alexander v. Joseph F. Kismal d/b/a/ Chief Compliance Officer NCB Management.</u> The Petition alleges that Joseph F. Kismal d/b/a NCB Management reported fraudulent information about Ray L. Alexander to consumer reporting bureaus. The Petition, which brings a claim for $5,000, is signed by Jalil Ali on behalf of Ray L. Alexander. Attached to the state court Petition, among other things, is a document entitled "Power of Attorney, limited." ECF No. 4 at 3-4. The notarized document appears to be signed by Ray L. Alexander, and purports to give Jalil Ali power of attorney for personal and commercial purposes. <u>Id.</u>

Defendant was served with the state court petition on May 10, 2021, and on June 4, 2021, he removed the case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446(b). Defendant contends the claim asserted in the state court petition is wholly preempted by federal law, namely the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, et seq.

On June 11, 2021, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendant moves for dismissal on the following three grounds: (1) Jalil Ali, a non-attorney, cannot represent Ray L. Alexander; (2) a corporate officer is improperly named as a defendant; and (3) the Petition fails to allege sufficient facts to state a claim.

**Discussion**

Jalil Ali, a non-attorney, cannot represent another person in federal court, even if he has power of attorney for Ray L. Alexander. While federal law authorizes a plaintiff to plead his own case personally, Mr. Ali lacks standing to bring claims on behalf of others. See Warth v. Seldin, 422 U.S. 490, 499 (1975) (stating that, in general, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). Moreover, a non-attorney may not represent someone else in federal court. See 28 U.S.C. § 1654; Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him."); Lewis v. Lenc–Smith Mfg. Co., 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court). And, under Missouri law, a non-attorney

representing another person in court is engaged the unauthorized practice of law, which can carry criminal penalties. See Mo. Rev. Stat. § 484.020.[1]

In light of the posture of this case and the legal implications just stated, the Court will stay the case and instruct Jalil Ali <u>not</u> to respond to Defendant's Motion to Dismiss. For the case to proceed, one of two things must happen: either Ray L. Alexander must bring his claim(s) on his own behalf and file a <u>pro se</u> amended complaint, which must be signed by him, <u>or</u> an attorney must enter an appearance on behalf of Mr. Alexander and file an amended complaint.[2]

If Mr. Alexander chooses to file an amended complaint without the assistance of counsel, he must do so on the Court's <u>pro se</u> complaint form, which the Court will provide.[3] See E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). Mr. Alexander is warned that the filing of an amended complaint completely replaces the original complaint. This means that any claims he does not reallege in the amended complaint will be deemed abandoned. See <u>In re Wireless Tel. Fed. Cost Recovery Fees Litig.</u>, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without

---

[1]The practice of law is defined to include "the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court of record." Mo. Rev. Stat. § 484.010. Missouri law further provides, "No person shall engage in the practice of law or do law business, as defined in section 484.010, or both, unless he shall have been duly licensed therefor and while his license therefor is in full force and effect . . . . Any person, association, partnership, limited liability company or corporation who shall violate the foregoing prohibition of this section shall be guilty of a misdemeanor." Mo. Rev. Stat. § 484.020.

[2]Rule 11(a) of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all of his pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a). Similarly, the local rules of this Court also require that all filings be signed by a self-represented party. See E.D. Mo. L.R. 2.01(A)(1).

[3]The only address on file is that of Mr. Ali. Therefore, the Court will direct the Clerk of Court to mail a copy of the form complaint to Mr. Ali, who shall provide the form to Mr. Alexander.

legal effect"). If Mr. Alexander fails to file an amended complaint on a Court-provided form in accordance with the instructions set forth herein, or if an attorney does not enter an appearance on his behalf and file an amended complaint within the time allowed, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **STAYED.**

**IT IS FURTHER ORDERED** that Jalil Ali shall not respond to Defendant's Motion to Dismiss or file any other paper or document in this case.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail to Jalil Ali a copy of this Order and the Court's pro se "Civil Complaint (non-prisoner)" form.

**IT IS FURTHER ORDERED** that Jalil Ali shall provide Ray L. Alexander with a copy of this Order and the Court's pro se "Civil Complaint (non-prisoner)" form.

**IT IS FURTHER ORDERED** that by **July 22, 2021**, Ray L. Alexander must file an amended complaint on the Court's form, or a licensed attorney must enter an appearance on his behalf and file an amended complaint.

**If Ray L. Alexander fails to timely and fully comply with this order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 24th day of June, 2021.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**